UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Criminal Case No. 16-20283
        Honorable Linda V. Parker

MARK E. WOODALL, JR.,

        Defendant.
_____/

## OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND MOTION TO REDUCE SENTENCE

On November 8, 2016, Defendant pleaded guilty pursuant to a Rule 11 plea agreement to using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). (Plea Agreement, ECF No. 32 at Pg. ID 120.) On February 21, 2017, this Court sentenced Defendant to a term of imprisonment of 120 months, to be served consecutively to a state court sentence, followed by a three-year term of supervised release. (Judgment, ECF No. 40.) According to the Government, Defendant's projected release date is February 11, 2026. This matter is presently before the Court on Defendant's Motion for Compassionate Release (ECF No. 46) and Motion to Reduce Sentence (ECF No. 51). For the following reasons, the Court is denying Defendant's motions.

## APPLICABLE LAW

Under 18 U.S.C. § 3582(c)(1)(A), a defendant may move for compassionate release only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  The Government does not dispute that Defendant exhausted his administrative remedies.  (ECF No. 54 at Pg ID 313.)

Under the statute, a court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable.  18 U.S.C.§ 3582(c)(1)(A)(i); *see also United States v. Jones*, 980 F.3d 1098, 1113 (6th Cir. 2020).  The burden is on the defendant to prove that "extraordinary and compelling reasons" exist to justify release under the statute.  *See, e.g., United States v. Kannell*, No. 20-12635, 2021 WL 223485, at *1 (11th Cir. Jan. 22, 2021) ("The movant bears the burden of proving entitlement to relief under section 3582"); *United States v. Melgarejo*, 830 F. App'x 776, 778 (7th Cir. 2020) ("[the defendant] did not meet his burden of demonstrating that his circumstances were extraordinary and compelling"); *cf. United States v. McClain*,

691 F.3d 774, 777 (6th Cir. 2012) (holding that the defendant bears the burden to show he is entitled to reduction of sentence under 18 U.S.C. § 3582(c)(2)).

The factors set forth in 18 U.S.C. § 3553(a) include a defendant's history and characteristics; the nature and circumstances of the crimes; due consideration of the seriousness of the crimes; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public from further crimes by the defendant; and providing him with any necessary correctional services and treatment. *See* 18 U.S.C. §3553(a).

## ANALYSIS

Defendant moves for early release citing his medical condition (hypertension), complaints of fever, loss of taste, and chest pains, and the COVID-19 pandemic. The Court finds it unnecessary to decide whether Defendant's stated reasons for release are "extraordinary and compelling" because it concludes that the § 3553(a) factors do not support his release.

First, the current offense involved the carjacking of a victim, who Defendant and his accomplices abducted, ordered back into the car at gunpoint, and forced to drive around. (Plea Agreement at 2-3, ECF No. 32 at Pg ID 120-21.) When the victim tried to run away, Defendant and an accomplice shot at the victim, striking him in the shoulder. (*Id.*) When Defendant and his accomplices were

subsequently stopped by police officers, Defendant attempted to flee. (PSR ¶ 10.) Second, Defendant has a history of carrying and using firearms.

A year before the current incident, Defendant and two accomplices approached a victim outside an apartment complex and started shooting at the ground in front of the victim and then raised their guns and shot at the victim's legs. (*Id.* ¶ 23.) Twenty-one shell cases were found on the sidewalk and nearby lawn and six bullets struck the victim. (*Id.*) Numerous bullets penetrated the first floor of a nearby apartment where several children had just gone upstairs to bed. (*Id.*) Defendant has an earlier conviction for armed robbery (*id.* ¶ 21) and separate arrests for possessing a short-barreled shotgun (*id.* ¶ 25) and carrying a concealed weapon (*id.* ¶ 27). Defendant fled from police when stopped incident to the latter arrest. (*Id.*)

Finally, Defendant has served less than half of his sentence. At sentencing, this Court found the imposed sentence to be warranted under the circumstances.

The violent nature of the instant offense and the extreme violence displayed in Defendant's criminal history provide significant reasons for denying his request for release. The benefit of keeping Defendant incarcerated outweighs the risk posed to the public if he is released. Granting Defendant's motion and releasing him at this time will not appropriately "reflect[s] the seriousness of the offense,"

"promote[s] respect for the law," or "provide[s] just punishment for the offense." 18 U.S.C. § 3553(a).

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Compassionate Release and Motion to Reduce Sentence are **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 29, 2021