UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 16-cr-20283
        Honorable Linda V. Parker

MARK E. WOODALL, JR.,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

On November 8, 2016, pursuant to a Rule 11 plea agreement, Defendant pled guilty to using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). (ECF No. 32 at PageID. 120.) On February 21, 2017, this Court sentenced Defendant to a term of imprisonment of 120 months, to be served consecutively to a state court sentence, followed by a three-year term of supervised release. (ECF No. 40.) Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) in July 2020 (ECF No. 46),[1] which this Court denied on October

---

[1] In support of that motion, Defendant cited his medical condition (hypertension), complaints of fever, loss of taste, chest pains, and the COVID-19 pandemic.

29, 2021, finding that the factors in 18 U.S.C. § 3553(a) did not support his release (ECF No. 58).

The matter is presently before the Court on Defendant's second motion for compassionate release, filed February 27, 2024. (ECF No. 59.) Because Defendant fails to identify "exceptional circumstances" warranting relief, as required under § 3582(c)(1)(A), the Court does not find a response to the motion necessary and is denying the motion.

## Applicable Law & Analysis

Under § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. 18 U.S.C.§ 3582(c)(1)(A)(i); *see also United States v. Jones*, 980 F.3d 1098, 1113 (6th Cir. 2020). The Sixth Circuit has defined " 'extraordinary' to mean 'most unusual,' 'far from common,' and 'having little or no precedent,'" and "compelling" as meaning "forcing, impelling, driving." *United States v. McCall*, 56 F.4th 1048, 1055 (6th Cir. 2022) (en banc) (citation omitted). In other words, "an 'extraordinary and compelling reason' is one that is unusual, rare, and forceful." *Id.* "The burden is on the defendant to prove that "extraordinary and compelling reasons" exist to justify release under the statute. *See, e.g., United States v. Kannell*, No. 20-12635, 2021 WL 223485, at *1 (11th

Cir. Jan. 22, 2021) ("The movant bears the burden of proving entitlement to relief under section 3582"); *United States v. Melgarejo*, 830 F. App'x 776, 778 (7th Cir. 2020) ("[the defendant] did not meet his burden of demonstrating that his circumstances were extraordinary and compelling"); *cf. United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012) (holding that the defendant bears the burden to show he is entitled to reduction of sentence under 18 U.S.C. § 3582(c)(2)).

Here, Defendant refers to the following in his motion: (i) the completion of his concurrent state sentence; (ii) his receipt of his GED and plan to attend Adams State University for business management; (iii) his completion of multiple programs while incarcerated; (iv) his avoidance of trouble while incarcerated; and (v) the job and family awaiting him when he is released, including children to attend to. (*See* ECF No. 59.) While the Court commends Defendant on what he has accomplished during his imprisonment and acknowledges the positive things that await him upon his release, none of these circumstances are "extraordinary," as defined under the applicable statute. In fact, they are the expectation and hope for all incarcerated individuals. And the statute expressly states that rehabilitation, alone, does not qualify as a reason for relief. *See McCall*, 56 F.4th at 1051 (citing 28 U.S.C. § 994(t)); *see also United States v. Hunter*, 12 F.4th 555, 572 (6th Cir. 2021) (same).

Accordingly,

**IT IS ORDERED** that Defendant's motion for compassionate release is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 4, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 4, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager